UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| DAEWOO ELECTRONICS AMERICA INC., | No. C 13-01247 JSW (MEJ) |
| Plaintiff, | **ORDER RE AUGUST 30, 2013 JOINT DISCOVERY LETTER** |
| v. | [Dkt. No. 40] |
| OPTA CORPORATION, *et al.*, | |
| Defendants. | |
| _____/ | |

On August 30, 2013, the parties in this matter filed a joint letter regarding Defendant Opta's request for a protective order staying discovery pursuant to Federal Rule of Civil Procedure 26(c). Dkt. No. 40. Specifically, Opta seeks a protective order staying discovery until the initial case management conference scheduled before the Honorable Jeffrey S. White on November 15, 2013.

Opta argues that good cause exists for staying discovery until the initial CMC. First, it contends that "there is an immediate and clear possibility that Opta's motion to dismiss will be granted." *Id*. at 2. It argues that even if the Court only grants the motion in part, the nature of the claims that are allowed to proceed "will dramatically change the scope of discovery requests . . . ." *Id*. at 3. Second, Opta argues that it will suffer undue burden and expense if discovery is not temporarily stayed. *Id*. at 4. Specifically, it contends that "[i]f discovery proceeds and Opta prevails in its motion to dismiss in part or in its entirety, Opta will have been prejudiced by the burden and expense of discovery for a substantial amount of subject matter that is not relevant to this case, as well as by having revealed internal, otherwise private information in a public forum that it was dragged into unwillingly as a defendant." *Id*. Finally, Opta asserts that there is no urgency attendant to the discovery that Daewoo seeks: the Court will set a discovery schedule at the CMC; Opta will not object to a later discovery cut-off to offset the short stay of discovery; and Opta has instituted a

1  litigation hold on documents that may be relevant to this case. *Id*. at 4-5.

2      Daewoo, however, maintains that Opta has not demonstrated harm or prejudice will result if
3  discovery is not stayed and therefore has not met its burden of showing good cause exists for
4  suspending discovery. *Id*. at 5.  Particularly, Daewoo contends that Opta has not identified any
5  specific prejudice or harm that will result if it is required to respond to the three Daewoo
6  interrogatories at issue before the November 15 CMC. *Id*. at 5.  Daewoo further argues that just
7  because Opta's motion to dismiss is set for hearing on the same date as the CMC does not mean that
8  the Court will issue its ruling on the motion on that date. *Id*.

9      The Court has considered the parties' arguments and finds Opta's position to be well-taken.
10 In light of the pending motion to dismiss and the upcoming case management conference – at which
11 time the parties and the Court will be in a position to assess how discovery should proceed should the
12 Court deny Opta's motion – a temporary stay of discovery until November 15, 2013, avoids undue
13 burden and expense on the parties.  As Opta points out, the discovery Daewoo has propounded does
14 not seek time-sensitive information.  Moreover, Opta has represented that it will not oppose
15 extending the discovery period to off-set the temporary stay.  Accordingly, the Court finds that Opta
16 has shown good cause in support of its request.

17     Accordingly, the Court **GRANTS** Opta's request for a protective order and **HEREBY**
18 **STAYS** discovery between Daewoo and Opta until November 15, 2013.

20     **IT IS SO ORDERED.**

22 Dated: September 5, 2013

23                               Maria-Elena James
                                United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
For the Northern District of California