UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAEWOO ELECTRONICS AMERICA INC.,

    Plaintiff,

v.

OPTA CORPORATION, et al.,

    Defendants.

Case No. 13-cv-01247-VC

**ORDER**

Re: Dkt. Nos. 56, 66

        Plaintiff Daewoo Electronics America Inc. ("Daewoo") seeks to recover from the defendants a default judgment of nearly eight million dollars awarded against a third party, GoVideo.  Daewoo argues the defendants are liable for this judgment based on theories of fraudulent transfer, alter ego, and successor liability.  Defendants TCL Multimedia Technology Holding Limited ("TCL Multimedia") and T.C.L. Industries Holdings (H.K.) Limited ("TCLI") have moved to dismiss Daewoo's second amended complaint.

**TCL Multimedia's Motion to Dismiss**

*1.  Fraudulent Transfer Claims*

        TCL Multimedia argues that Daewoo's fraudulent transfer claims against it are barred by the statute of limitations for such claims.  Daewoo filed its complaint on March 20, 2013.  Therefore, any fraudulent transfer claim based on conduct occurring before March 20, 2006 would be untimely.[1]  *See* Cal Civ Code § 3439.09(c) (providing a seven year statute of repose for fraudulent transfer claims).

        Judge White, in ruling on Defendant Opta's motion to dismiss Daewoo's first amended

_____

[1]     This is the earliest date upon which Daewoo can base claims.  Some of its claims would be untimely even with respect to conduct that occurred later.  *See, e.g.*, Cal. Civ. Code § 3439.09(b) (establishing a four year statute of limitations for constructive fraudulent transfer claims).  But given that Daewoo has insufficiently alleged any fraudulent transfers by TCL Multimedia on March 20, 2006 or any time thereafter, the Court need not address this distinction.

complaint, held that the complaint failed to sufficiently specify the dates of the alleged fraudulent transfers. In response, Daewoo amended its complaint to allege two specific dates: On June 22, 2006, Daewoo alleges, "Opta reported a gain of $6,505,000.00 as of March 31, 2006 in connection with the sale of GoVideo's IP"; and on or about August 24, 2009, "Opta transferred funds to itself from GoVideo . . . to consummate its settlement with MPEG-LA." (Second Amended Complaint ("SAC") ¶¶ 56, 68). Both of these allegations, however, are limited to Opta. There is still no specific allegation of any transfer to TCL Multimedia that occurred on or after March 20, 2006.

Daewoo argues that the "ongoing royalty" payments it alleges TCL Multimedia received from the intellectual property it purchased from GoVideo constitute fraudulent transfers. (*See* SAC ¶¶ 79. 96; Opp'n to TCL Multimedia 21). But these royalties are not themselves transfers of property from GoVideo to TCL Multimedia. Rather, they are income generated by the intellectual property TCL Multimedia allegedly purchased in 2005. This is no less true if GoVideo itself paid royalties to license the intellectual property it sold to TCL Multimedia. (*See* SAC ¶ 47). There is no allegation that the intellectual property license GoVideo received from TCL Multimedia was not "a reasonably equivalent value" to the royalties it paid. *See* Cal. Civ. Code § 3439.04. And in any event, the complaint suggests royalty payments from GoVideo stopped on December 28, 2005, (*see* SAC ¶ 47)—any claim based on these payments would thus be untimely.

At the hearing, Daewoo could not identify any specific transfers it could allege if given leave to amend that occurred after March 20, 2006. Daewoo's fraudulent transfer claims against TCL Multimedia are therefore dismissed with prejudice.

### 2. *Alter Ego Liability*

In ruling on Opta's motion to dismiss the second amended complaint, Judge White held that Daewoo has sufficiently alleged alter ego liability with respect to Opta. (Docket No. 29, at 9; Docket No. 48, at 5). Although TCL Multimedia contends that this ruling is irrelevant, the alter ego allegations on which Judge White relied to establish unity of interest and bad faith on the part

of Opta include TCL Multimedia.  (*See* Docket No. 48, at 5 (citing SAC ¶¶ 97-98)).  TCL

Multimedia argues that unity of interest is insufficient because the complaint suggests that TCL

Multimedia has no ownership interest in GoVideo.  But "where one corporation is asserted to be

the alter-ego of another corporation California law does not require that one corporation have an

ownership interest in the other. Instead, courts may look *either* for an ownership relationship or for

a 'substantial unity of ownership and interest.'" *Polite v. United States*, No. 07-CV-1950 (AJB)

(WVG), 2012 WL 965996, at *9 (S.D. Cal. Mar. 21, 2012) (emphasis added) (quoting

*McLaughlin v. L. Bloom Sons Co.*, 206 Cal. App. 2d 848, 850 (1962)).  Judge White held that

Daewoo has sufficiently alleged such a unity of interest.

In addition, the complaint plausibly alleges a link between TCL Multimedia's conduct and

GoVideo's default.  Daewoo alleges, for example, that "Opta and/or the TCL Entities . . .

stripp[ed] GoVideo of its assets . . . that could have been used to pay GoVideo's debts to Daewoo"

and "fraudulently represent[ed] to Daewoo that they would guaranty and/or make good on"

GoVideo's debt.  (SAC ¶¶ 97, 98).  Judge White's ruling thus applies equally to TCL Multimedia,

and Daewoo's alter ego claim may proceed against it.

   *3.  Successor Liability*

Judge White previously held that Daewoo's allegation that "Opta and/or the TCL Entities .

. . acquired the assets and business of GoVideo such that it amounted to a consolidation or merger

of the corporations" is sufficient to state a claim for successor liability against Opta.  (Docket No.

29, at 10).  *See McClellan v. Northridge Park Townhome Owners Ass'n, Inc.*, 89 Cal. App. 4th

746, 753-54 (2001) (explaining that one method of establishing successor liability is where a

"transaction amounts to a consolidation or merger of the two corporations"); *Ray v. Alad Corp.*, 19

Cal. 3d 22, 28 (1977) ("This exception has been invoked where one corporation takes all of

another's assets without providing any consideration that could be made available to meet claims

of the other's creditors").  As the allegation is the same against TCL Multimedia as it is against

3

Opta, there is no basis for the Court not to apply Judge White's ruling to TCL Multimedia.

There is no necessary contradiction between the allegations that before GoVideo shut down, TCL Multimedia purchased some of GoVideo's intellectual property rights, (SAC ¶ 39), and that after GoVideo shut down, its "*remaining* assets" were transferred to one or more of the defendants for inadequate consideration, (*Id.* ¶ 73 (emphasis added)).  Nor is there a necessary contradiction between the allegation that TCL Multimedia purchased some of GoVideo's intellectual property and the allegations that Opta licensed the GoVideo brand name to third parties, (SAC ¶¶ 54, 64)—although the complaint is confusing on this point.  Nor can the Court determine at this stage that, as a matter of law, TCL Multimedia paid adequate consideration for the rights it purchased.

Even if Daewoo's allegations were, in fact, inconsistent, they are nevertheless permissible at this stage, because Daewoo has plausibly alleged sufficient facts to support its claim against Opta as well as its claim against TCL Multimedia, and there is no indication that its allegations against either defendant are in bad faith.  *See* Fed. R. Civ. P. 8(d)(2) (permitting alternative pleading); *Maloney v. Scottsdale Ins. Co.*, 256 F. App'x 29, 31 (9th Cir. 2007) ("The Federal Rules of Civil Procedure allow parties to plead inconsistent factual allegations in the alternative."); *American Int'l Adjustment Co. v. Galvin*, 86 F.3d 1455, 1461 (7th Cir. 1996) ("[A] pleader may assert contradictory statements of fact only when legitimately in doubt about the facts in question."); *Devincenzi v. City of Chico*, No. 2:11-CV-03268-KJM, 2012 WL 6571006, at *3-*4 (E.D. Cal. Dec. 17, 2012) (permitting the plaintiff—who was "extremely psychiatrically disturbed" during the incident at issue and therefore unable to later determine his mental state—to plead that his conduct was either accidental or intentional, despite the obvious contradiction between these assertions, because the "ultimate facts may not be clear, and both alternative pleadings have evidentiary support").

4

### TCLI's Motion to Dismiss

As an initial matter, TCLI contends that Daewoo's claims against it must be dismissed for failure to timely serve the complaint. Rule 4(h) of the Federal Rules of Civil Procedure, governing service on a corporation, directs that service of a corporation abroad be conducted in the manner prescribed by Rule 4(f), which governs service on an individual in a foreign country. Although the Federal Rules do not explicitly exempt foreign corporations from the 120-day deadline governing service, they do exempt from this deadline service in a foreign country conducted pursuant to Rule 4(f). *See* Fed. R. Civ. P. 4(m). The 120-day rule is therefore, by its terms, inapplicable to service abroad—regardless of whether the defendant served is an individual or a corporation. *See Xcentric Ventures, LLC v. Mediolex Ltd.*, No. CV-12-00130-PHX-GMS, 2012 WL 5269403, at *8 (D. Ariz. Oct. 24, 2012) (citing several cases for the proposition that "the majority of courts addressing the issue have found that the 120–day rule of Rule 4(m) does not apply to service on a corporation in a foreign country"). Although the delay in serving TCLI was substantial, there is no indication that it was deliberate or in bad faith. And "the Ninth Circuit has never specifically imposed any time limit on serving a foreign defendant." *Logtale, Ltd. v. IKOR, Inc.*, No. 11-5452 (CW), 2013 WL 4427254, at *7 (N.D. Cal. Aug. 14, 2013). Therefore, the Court will not dismiss the complaint against TCLI on the ground that it was not timely served.

Nevertheless, this Court lacks jurisdiction over TCLI. The parties agree that TCLI lacks sufficient contacts with California to directly support personal jurisdiction. But Daewoo contends that jurisdiction over TCLI is nevertheless proper because TCLI is the alter ego of Opta. The complaint does not support this contention. "[T]o disregard the corporate identity for jurisdictional purposes, a plaintiff must make out a *prima facie* case of alter ego liability." *Datatech Enterprises LLC v. FF Magnat Ltd.*, No. 12-4500 (CRB), 2013 WL 1283439, at *6 (N.D. Cal. Mar. 26, 2013); *see Am. Te. & Tel. Co. v. Compagnie Bruxelles Lambert,* 94 F.3d 586, 591 (9th Cir. 1996). With respect to TCLI and Opta, Daewoo has not done so.

5

United States District Court
Northern District of California

Although Daewoo makes numerous allegations regarding the TCL entities' relationship with GoVideo, the key relationship for jurisdictional purposes is that between TCLI and Opta. While Daewoo makes a conclusory allegation that "the TCL entities controlled Opta," (SAC ¶ 96), the only specific factual allegations Daewoo makes regarding TCLI's relationship with Opta are that TCLI is a majority shareholder of Opta and that the two companies have some interlocking officers and directors.[2]  These allegations are insufficient to establish a unity of interest.  *See, e.g.*, *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir. 1996); *In re Conseco Life Ins. Co.Life Trend Ins. Mktg. & Sales Practice Litig.*, No. 10-MD-02124 (SI), 2013 WL 6073425, at *7 (N.D. Cal. Nov. 18, 2013); *Calvert v. Huckins*, 875 F. Supp. 674, 678-79 (E.D. Cal. 1995) (holding that "ownership interests" and "some interlocking directors and officers . . . . do not justify piercing the corporate veil").

Daewoo's allegations are also insufficient to establish that with respect to Opta and TCLI, "failure to disregard their separate identities would result in fraud or injustice," *In re Conseco Life Ins.*, 2013 WL 6073425, at *6 (internal quotation marks omitted).  There is no allegation, for example, that Opta has ceased functioning or is undercapitalized or that a judgment against Opta would be, for some other reason, unenforceable.  *Cf. Firstmark Capital Corp. v. Hempel Financial Corp.,* 859 F.2d 92, 94 (9th Cir.1988); *NuCal Foods, Inc. v. Quality Egg LLC*, 887 F. Supp. 2d 977, 993 (E.D. Cal. 2012).

The complaint against Opta is therefore dismissed for lack of personal jurisdiction with prejudice.

---

[2]      The allegations regarding the percentage of Opta owned by TCLI seem to be inconsistent: Daewoo alleges that TCLI was the majority shareholder of Opta, (SAC ¶ 17), but the complaint also includes a chart indicating that TCLI holds only 47.6 percent of Opta shares, (SAC ¶40). Even if TCLI were the majority shareholder of Opta, however, this would be insufficient to establish alter ego liability.  Therefore, whether TCLI holds just more or just less than half of Opta's shares is irrelevant.

**Conclusion**

Daewoo's fraudulent transfer claims against TCL Multimedia are dismissed with prejudice. TCL Multimedia's motion to dismiss is denied with respect to Daewoo's alter ego and successor liability claims.  Daewoo's claims against TCLI are dismissed with prejudice for lack of personal jurisdiction.

The parties are ordered to appear at a case management conference on Tuesday, July 29, 2014 at 10:00 a.m.  In their case management statement, due July 22, 2014, the parties should include a discussion of whether discovery should initially be limited to factual issues relating to whether this lawsuit is barred in whole or in part under the doctrine of res judicata (and whether discovery is appropriate to assist in determining whether the doctrine applies).

**IT IS SO ORDERED.**

Dated: July 10, 2014

_____
VINCE CHHABRIA
United States District Judge