UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAEWOO ELECTRONICS AMERICA INC., <br><br> Plaintiff, <br> v. <br><br> OPTA CORPORATION, et al., <br><br> Defendants. | Case No. 13-cv-01247-VC <br><br> **ORDER** <br> Re: Dkt. No. 80 |

Plaintiff Daewoo Electronics America Inc. ("Daewoo") seeks to recover from the defendants a default judgment of nearly eight million dollars it obtained in 2007 against a third party, GoVideo. Daewoo argues the defendants are liable for this judgment based on theories of fraudulent transfer, alter ego, and successor liability. Defendants Opta Corporation ("Opta") and TCL Multimedia Technology Holding Limited ("TCL Multimedia") have moved for judgment on the pleadings.[1] The issue is whether Daewoo's 2008 federal lawsuit against Opta in New Jersey to collect on the 2007 judgment against GoVideo bars the current lawsuit in this Court to collect the same debt. In other words, the question is whether New Jersey law regarding res judicata bars this action.

As an initial matter, Daewoo argues that the law of the case doctrine bars the Court from reconsidering Judge White's previous ruling rejecting the defendants' res judicata argument. But that doctrine does not prevent a district court that has good reason to do so from reconsidering its own interlocutory order, even where the case has been reassigned to a different judge. *See City of L.A. v. Santa Monica BayKeeper*, 254 F.3d 882, 888-889 (9th Cir. 2001) (holding that the law of the case doctrine "simply does not impinge upon a district court's power to reconsider its own interlocutory order provided that the district court has not been divested of jurisdiction over the

---

[1] The only other remaining defendant, TCL Corporation, appears never to have been served and therefore has not joined this motion. The analysis in this opinion, however, applies equally to TCL Corporation.

order"); *EEOC v. Serrano's Mexican Rests., LLC*, 306 Fed. App'x 406, 407 (9th Cir. 2009) ("The district court was not barred by the law of the case from reconsidering its prior order despite the reassignment of the case to a different judge. The law of the case is a guide to courts' exercise of discretion, rather than a rigid rule.").

There is no dispute that the judgment against Daewoo in the New Jersey litigation was valid, final, and on the merits. Nor can there be any serious dispute that, accepting the allegations of the complaint as true, the parties to this case are the same or in privity with those in the previous case. Although neither TCL Multimedia nor TCL Corporation was a party to the New Jersey litigation, Daewoo alleges that "[a]t all times relevant herein, there was such a unity of interest and ownership" between Opta, which was a party to the New Jersey lawsuit, and "the TCL Entities," which include TCL Multimedia and TCL Corporation, "that the[ir] separate personalities . . . no longer exist or existed." (Second Am. Compl. ¶ 93; *see also id.* ¶ 96 ("[T]he TCL Entities controlled Opta to the extent that Opta was a mere instrumentality, agency, conduit, or adjunct of the TCL Entities.")).

The key question, then, is whether the claims in this case arise from the same transaction or occurrence as the claims in the New Jersey litigation. They do. Although the theories of recovery differ, both cases are attempts by Daewoo to collect its default judgment against GoVideo. That is, they both arise from a single controversy. *See Watkins v. Resorts Int'l Hotel & Casino*, 124 N.J. 398, 412 (1991) ("If, under various theories, a litigant seeks to remedy a single wrong, then that litigant should present all theories in the first action. Otherwise, theories not raised will be precluded in a later action."); *cf. Hobart Bros. Co. v. Nat'l Union Fire Ins. Co.*, 354 N.J. Super. 229, 244 (App.Div. 2002) (holding that all claims about "responsibility for the costs of cleaning up" environmental contamination "arise from a single controversy"); *New Jersey Citizen Action, Inc. v. County of Bergen*, 2011 N.J. Super. Unpub. LEXIS 2092, at *18-19 (App. Div. Aug. 3, 2011) (barring under res judicata and the "entire controversy doctrine" a challenge to the constitutionality of a loan made by a county government where the plaintiffs had previously challenged the loan on other bases).

1        Under New Jersey res judicata law, plaintiffs are barred not only from relitigating claims
2   raised in a previous action, but also from bringing claims they could have raised in that action, but
3   did not. *See Watkins*, 124 N.J. at 412. With the possible exception of the claim based on the
4   allegedly fraudulent transfer of funds from GoVideo to Opta in 2009, Daewoo could have raised
5   all the claims at issue here in the New Jersey action. Most of Daewoo's factual allegations center
6   around its dealings with the defendants in 2005 and 2006 as well as public records from that time
7   period—over a year before the New Jersey case was filed. (*See, eg.*, Second Am. Compl. ¶¶ 39-
8   41, 45, 55, 58-60, 66, 72). Daewoo even asserted some of the same facts it alleges here in its
9   filings before the New Jersey District Court. (*Compare, e.g.*, Nienstadt Decl. Ex. B, at ¶ 17 ("Mr.
10  Vincent Yan has been wearing 3 hats, all in the very top executive positions of the GoVideo, the
11  subsidiary, Opta and TCL, the two guarantors, defendants herein.") *with* Second Am. Compl. ¶ 3
12  (alleging that Yan was an executive of both GoVideo and Opta, a director of TCL, and "affiliated
13  and held a position with" TCL Multimedia)). Indeed, at the July 10, 2014 hearing, Daewoo's
14  counsel stated on the record that Daewoo could have brought the claims at issue in this case during
15  the New Jersey litigation, but chose not to do so because Daewoo thought it was going to win on
16  the theory it did assert in the prior action, namely, that the defendants were bound by an agreement
17  to guarantee GoVideo's debt. Daewoo lost on that theory and now seeks another bite at the apple,
18  bringing claims here that should—and could—have been brought years ago. *Hobart Bros. Co.*,
19  354 N.J. Super. at 241. The doctrine of res judicata prevents plaintiffs from making this kind of
20  choice. *See id.*

21       The only claim even arguably not precluded by the New Jersey litigation is the 2009
22  fraudulent transfer claim. If Daewoo knew or had reason to know of this alleged transfer before
23  2010, when judgment was entered in the New Jersey case, this claim might also be barred. The
24  complaint, however, alleges that Daewoo was unaware of the transfer until 2012, and there is, at
25  this stage, no evidence in the record (or allegations in the complaint) to contradict this assertion.
26  (*See* Second Am. Compl. ¶ 76). All of Daewoo's other claims, however, are barred.

27       Daewoo's reliance on the New Jersey Supreme Court's decision in *Mortgagelinq Corp. v.*
28  *Commonwealth Land Title Ins. Co.*, 142 N.J. 336 (1995) is unavailing. In that case, the plaintiffs

3

1   sued certain defendants in federal district court in Pennsylvania and then subsequently sued other
2   defendants—on claims arising out of the same transactions—in New Jersey state court.
3   *Mortgagelinq* held that under New Jersey's mandatory party joinder rule (which has since been
4   changed), the plaintiffs' state lawsuit was barred because the plaintiffs could have joined all
5   defendants in the federal court case.  The Court next considered whether the dismissal of the state
6   lawsuit—based not on the preclusive effect the Pennsylvania District Court would give its own
7   judgments, but rather on New Jersey's civil practice rule regarding joinder—should itself preclude
8   similar lawsuits in other jurisdictions.  It concluded that it should not.  Dismissal based on New
9   Jersey's party joinder rule, the Court explained, did not constitute a judgment on the merits.
10  Therefore, it should not have a preclusive effect on future litigation. *Mortgagelinq* thus stands for
11  the proposition that New Jersey gives preclusive effect only to judgments on the merits, and that a
12  dismissal based on failure to adhere to the state's (former) mandatory party joinder rule does not
13  constitute such a judgment.  Party joinder is not at issue here.  The question here is whether the
14  judgment of the New Jersey District Court precludes Daewoo from subsequently bringing
15  *claims*—against the same parties or those in privity with them—that it could have brought in the
16  New Jersey litigation.  For the reasons explained above, New Jersey would bar these claims under
17  res judicata, and they are therefore precluded here.

18      Daewoo also argues that the above-referenced guaranty agreement that was the subject of
19  the prior litigation allowed Daewoo to sever claims based on the guaranty from any other claims it
20  might later bring against the defendants to enforce its judgment against GoVideo.  But the
21  agreement says no such thing.  In the provisions Daewoo identifies, the guarantors waive any
22  requirement that Daewoo "take any action whatsoever . . . with respect to any other person or
23  entity, including [GoVideo] or any other guarantor" and agree that Daewoo may "exercise or
24  refrain from exercising any right."  (*See* Nienstadt Decl. Ex. A).  Nothing in these provisions—
25  and, indeed, nothing in any other provision of the guaranty agreement—can plausibly be read as
26  granting consent to multiple lawsuits that would otherwise be barred by res judicata.  And in any
27  event, the agreement is signed by T.C.L. Industries Holdings (H.K.) Limited and Lotus Pacific,
28

4

Inc.  (*See* Nienstadt Decl., Ex. A).  Neither Opta, TCL Multimedia, nor TCL Corporation, the defendants here, signed it.

## CONCLUSION

All of Daewoo's claims, with the exception of the 2009 fraudulent transfer claim, are dismissed with prejudice.  Because the fraudulent transfer claim is against Opta only, the complaint with respect to TCL Multimedia and TCL Corporation is dismissed entirely.

**IT IS SO ORDERED.**

Dated: August 27, 2014

_____
VINCE CHHABRIA
United States District Judge