UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINIADAEWOO ELECTRONICS AMERICA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>OPTA CORPORATION,<br><br>Defendant. | Case No. 13-cv-01247-VC (MEJ)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 112 |

## INTRODUCTION

Pending before the Court is the parties' Joint Letter dated June 29, 2018. Joint Ltr., Dkt. No. 112. In the Joint Letter, Defendant Opta Corporation seeks supplemental responses to Defendant Opta's first three sets of interrogatories, specifically, Interrogatory Nos. 5, 6, 9, 10, 14, & 16. Having considered the parties' positions, relevant legal authority, and the record in this case, the Court issues the following order.

## BACKGROUND

In April 2003, Defendant purchased GoVideo out of bankruptcy. Sec. Amend. Compl., Dkt. No. 34. "Opta operated as a consumer electronics original equipment manufacturer through its wholly owned subsidiary Opta Systems, L.L.C., which did business as GoVideo." *Id.* at 5. In December 2003, Defendant and Plaintiff entered into a guarantee agreement, under which Defendant "unconditionally guaranteed the payment of obligations not exceeding $5,000,000 to Daewoo for the products Daewoo shipped to GoVideo." *Id.* Subsequently, GoVideo submitted numerous purchase orders to Plaintiff, which Plaintiff fulfilled and returned invoices for. *Id.* GoVideo never paid Plaintiff's invoices, totaling $7,775,670.98 as of June 30, 2005, for the fulfilled purchase orders. *Id.* at 6.

1   In November 2005, GoVideo filed an action against Plaintiff in the United States District Court for the District of New Jersey for breach of contract and other claims ("New Jersey Action"). *Id.* at 10. Plaintiff subsequently filed a counter claim against GoVideo for the unpaid debts. *Id.* After GoVideo's counsel withdrew from representation in October 2006, and no new counsel was appointed, Plaintiff was granted a default judgment in the New Jersey Action for $7,775,670.98, plus interest. *Id.* at 12-13.

## PROCEDURAL HISTORY

Plaintiff filed this action in March 2013, suing for actual and constructive fraudulent transfer, alter ego, and successor liability as to the debt owed by the New Jersey Action default judgment. Compl., Dkt. No. 1. On June 15, 2018, lead counsel for the parties met and conferred in person as to Plaintiff's responses to Defendant's interrogatories. Joint Ltr., Dkt. No. 112. On June 27, 2018, Daewoo submitted supplemental responses to Interrogatory Nos. 5, 6, 9, 10, 14, and 16. Joint Ltr. at 1. On June 29, 2018, the parties filed a joint letter stating their positions as to the supplemented responses, without meeting and conferring specifically about the supplemental responses before submission. *Id.* At a Discovery Hearing on July 2, 2018, the parties were ordered to meet and confer once again as to the issues in the June 29 Joint letter. Discovery Order, Dkt. No. 116. The Court is currently awaiting a response from the parties as to whether they need another discovery hearing on the following disputed interrogatories.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Discovery need not be admissible in evidence to be discoverable. *Id.* However, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee notes (2015

amendments). Thus, there is "a shared responsibility on all the parties to consider the factors bearing on proportionality before propounding discovery requests, issuing responses and objections, or raising discovery disputes before the courts." *Salazar v. McDonald's Corp.*, 2016 WL 736213, at *2 (N.D. Cal. Feb. 25, 2016); *Goes Int'l, AB v. Dodur Ltd.*, 2016 WL 427369, at *4 (N.D. Cal. Feb. 4, 2016) (citing advisory committee notes for proposition that parties share a "collective responsibility" to consider proportionality and requiring that "[b]oth parties . . . tailor their efforts to the needs of th[e] case").

Rule 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by (1) prohibiting disclosure or discovery; (2) conditioning disclosure or discovery on specified terms; (3) preventing inquiry into certain matters; or (4) limiting the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1).

## DISCUSSION

### A. Interrogatory No. 5

Interrogatory No. 5 asks Plaintiff to "[i]dentify all persons with knowledge of any facts or information relevant to any of the claims or defenses of GoVideo and Daewoo" in the New Jersey Action, including allegations relating to Daewoo Electronics Corporation ("DEC"). Joint Ltr., Ex. A ("Pl.'s Third Supp. Resp. to Def. Opta's First Set of Interrogs."). In Plaintiff's second supplemental response, it identified Pamela Mar as a person with such knowledge. *Id.* at 10.

Defendant's request as to this interrogatory is not relevant to the case at hand, and is therefore, denied. Defendant argues that the interrogatory is relevant to its unclean hands defense; however, in order for the interrogatory to be relevant to Defendant's unclean hands defense, "the misconduct that brings the [un]clean hands doctrine into play must relate *directly* to the cause at issue. Past improper conduct or prior misconduct that only indirectly affects the problem before the court does not suffice." *Kendall-Jackson Winery, Ltd. v. Superior Court*, 76 Cal. App. 4th, 970, 979 (1999) (emphasis added). In the New Jersey Action, the default judgment was entered

against then plaintiff Opta after Opta's attorney withdrew from representation on October 27, 2006, (*Opta Systems, LLC v. Daewoo Electronics America, Inc., et al.,* Case No. 3:05-cv-05387-JAP ["New Jersey Case Docket"], Dkt. No. 23) and Opta never retained new counsel on the record, nor did they respond to any further motions filed by then defendant Daewoo, including the motion for default judgment (New Jersey Case Docket, Dkt. No. 28). Opta cannot now claim that Daewoo obtained its default judgment with unclean hands when Opta did not respond when given the opportunity in the New Jersey Action.

Consequently, the default judgment is not currently in dispute. Anything that occurred before the default judgment was entered in the New Jersey Action "only indirectly affects the problem before the court," and therefore, "does not suffice" to make Interrogatory No. 5 relevant. Accordingly, Interrogatory No. 5 is not relevant, and Defendant's request as to this interrogatory is denied. Because the request is not relevant, the sufficiency of Plaintiff's second supplemental response is moot.

**B. Interrogatory No. 6**

Interrogatory No. 6 seeks "the reason and basis for naming DEC as a claimant in DEC's [sic] in addition to Daewoo in each of DEC's and Daewoo's counterclaims against GoVideo" in the New Jersey Action. Pl.'s Third Supp. Resp. to Def. Opta's First Set of Interrogs. at 10. Defendant, again, argues that this interrogatory is relevant to Defendant's unclean hands defense. Joint Ltr. at 2. Once more, anything that occurred before the default judgment was entered in the New Jersey Action "only indirectly affects the problem before the court." Additionally, DEC is not a party to the action before this Court. Accordingly, this interrogatory is also not relevant, and Defendant's request as to this interrogatory is denied. The sufficiency of Plaintiff's second supplemental response is moot as the interrogatory is not relevant.

**C. Interrogatory Nos. 9 and 10**

Interrogatory No. 9 seeks a detailed description of "when and how each of Daewoo and DEC first considered or became aware" of Opta and GoVideo's settlement with MPEG LA, and any transfer between Opta and GoVideo to consummate that settlement. Joint Ltr., Ex. B ("Pl.'s Supp. Resp. to Def. Opta's Second Set of Interrogs."). It also seeks the identity of the individuals

4

who first became aware of such allegations, and when those individuals first became aware of such. *Id.* at 6. Interrogatory No. 10 seeks a detailed description of "when and how each of Daewoo and DEC first considered or became aware" of non-public "transfers [since 2006] from GoVideo to Opta and/or TCL Entities." *Id.* at 7. This interrogatory also seeks the identity of the individuals who first became aware of such alleged transfers, and when those individuals first became aware of such. *Id.*

Defendant argues that these interrogatories are relevant to its laches defense. Joint Ltr. at 3. The Court agrees. Knowing when Plaintiff became aware of these allegations would inform Defendant as to whether there was any unreasonable delay in bringing the current action.

Plaintiff argues that these interrogatories were answered according to its understanding based on the June 25, 2018 in-person meet and confer with Defendant. Joint Ltr. at 4. Plaintiff further argues that the "who and how" aspects of this interrogatory are protected by the work-product protection, stating "the allegations in the complaint were drafted by counsel and 'how' counsel prepared those allegations is work product." *Id.* Plaintiff's reasoning is flawed. The work-product doctrine applies only to "documents and tangible things that are prepared in anticipation of litigation." Fed. R. Civ. P. 16(b)(3). What Defendant seeks is only information, not "documents [or] tangible things." Plaintiff's claim of work-product protection is, therefore, unfounded.

Additionally, because the interrogatory is relevant to Defendant's laches defense, it would not matter when *Plaintiff's counsel* became aware of these allegations—what would matter would be when *Plaintiff itself* became aware of such allegations. Moreover, the "individual(s) who first considered or became aware" of these allegations were more than likely not the attorneys who added them to the complaint. Plaintiff's proposed supplemental response in the Joint Letter is, therefore, insufficient.

The undersigned hereby orders Plaintiff to submit a supplemental response to Defendant as to Interrogatory Nos. 9 and 10, answering who at Plaintiff and DEC, *not Plaintiff's counsel*, first considered or became aware of the allegations stated, and more precisely when and how such persons became aware of the specific allegations quoted in the interrogatories. Plaintiff is ordered

5

to do so by **July 20, 2018**.

### D. Interrogatory No. 14

Interrogatory No. 14 seeks the identity of "person(s) who made the decision to initiate this lawsuit against Defendants." Joint Ltr., Ex. C ("Pl.'s Supp. Resp. to Def. Opta's Third Set of Interrogs."). Plaintiff's supplemental response identifies "C.S. Park, Plaintiff's former president." *Id*. at 21. Defendant argues that this response is insufficient because "C.S. Park" is not a full name. Joint Ltr. at 3. Plaintiff states that if Defendant had met and conferred with Plaintiff about the supplemental response, Plaintiff would have provided the full name: "Choong Sik Park." *Id*. at 5. The undersigned hereby orders Defendant to accept "Choong Sik Park" as the full name of "C.S. Park," and therefore answering Interrogatory No. 14 sufficiently. Defendant's request for another supplemental response to Interrogatory No. 14 is accordingly denied.

### E. Interrogatory No. 16

Interrogatory No. 16 asks Plaintiff to "[i]dentify and describe in detail when and how Daewoo first became aware of the following Bates-numbered documents: OPTA-TCL000001-114 and OPTA-TCL000343-1968." Pl.'s Supp. Resp. to Def. Opta's Third Set of Interrogs. at 22. Plaintiff's supplemental response indicates that the noted documents were identified in "approximately October 2012 and August 2013." *Id.* In the Joint Letter, Plaintiff states that this supplemental response was given based on "a compromise reached at the [June 25, 2018] meet and confer." Joint Ltr. at 5.

In response to Defendant's position in the Joint Letter that the supplemental response was not sufficient, Plaintiff states that "if Defendant had met and conferred with Plaintiff about this supplemental response, Plaintiff would have offered to further supplement its response by saying it first identified these documents (all of which are public SEC filings) by reviewing the SEC's website." *Id.* Defendant is hereby ordered to accept that Plaintiff first identified these documents "by reviewing the SEC's website," and therefore answering Interrogatory No. 16 sufficiently. The interrogatory does not ask "who" first became aware of these documents, as Defendant claims in the Joint Letter. *Id.* at 3. Defendant's request as to this interrogatory is hereby denied.

# CONCLUSION

Defendant's request is hereby denied as to Interrogatory Nos. 5, 6, 14, and 16. Plaintiff is hereby ordered to submit supplemental responses as to Interrogatory Nos. 9 and 10 by **July 20, 2018**.

**IT IS SO ORDERED.**

Dated: July 19, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge