1
2
3
4                          UNITED STATES DISTRICT COURT
5                        NORTHERN DISTRICT OF CALIFORNIA
6

7  WINIADAEWOO ELECTRONICS
   AMERICA, INC.,                           Case No. 13-cv-01247-VC (MEJ)
8              Plaintiff,                    **DISCOVERY ORDER**
9         v.                                 Re: Dkt. No. 119
10 OPTA CORPORATION,
11             Defendant.

12

13                              **INTRODUCTION**

14        Pending before the Court is the parties' Joint Letter dated July 16, 2018.  Joint Ltr., Dkt.

15 No. 119.  In the Joint Letter, Defendants Opta Corporation and TCL Multimedia Technology

16 Limited (collectively, "Defendants") seek a protective order under the Apex doctrine to prevent

17 the deposition of Mr. Li Dongsheng, the Chief Executive Officer of TCL Corporation and

18 Chairman of its Board.  Joint Ltr. at 2-3.  Having considered the parties' positions, relevant legal

19 authority, and the record in this case, the Court issues the following order.

20                              **LEGAL STANDARD**

21        Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding

22 any nonprivileged matter that is relevant to any party's claim or defense and proportional to the

23 needs of the case[.]"  Fed. R. Civ. P. 26(b)(1).  Factors to consider include "the importance of the

24 issues at stake in the action, the amount in controversy, the parties' relative access to relevant

25 information, the parties' resources, the importance of the discovery in resolving the issues, and

26 whether the burden or expense of the proposed discovery outweighs its likely benefit."  *Id.*

27 Discovery need not be admissible in evidence to be discoverable.  *Id.*  However, "[t]he parties and

28 the court have a collective responsibility to consider the proportionality of all discovery and

United States District Court
Northern District of California

1   consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee notes (2015

2   amendments).  Thus, there is "a shared responsibility on all the parties to consider the factors

3   bearing on proportionality before propounding discovery requests, issuing responses and

4   objections, or raising discovery disputes before the courts." *Salazar v. McDonald's Corp.*, 2016

5   WL 736213, at \*2 (N.D. Cal. Feb. 25, 2016); *Goes Int'l, AB v. Dodur Ltd.*, 2016 WL 427369, at

6   \*4 (N.D. Cal. Feb. 4, 2016) (citing advisory committee notes for proposition that parties share a

7   "collective responsibility" to consider proportionality and requiring that "[b]oth parties . . . tailor

8   their efforts to the needs of th[e] case").

9         Rule 26(c) "confers broad discretion on the trial court to decide when a protective order is

10  appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S.

11  20, 36 (1984).  "The court may, for good cause, issue an order to protect a party or person from

12  annoyance, embarrassment, oppression, or undue burden or expense," including by (1) prohibiting

13  disclosure or discovery; (2) conditioning disclosure or discovery on specified terms; (3)

14  preventing inquiry into certain matters; or (4) limiting the scope of disclosure or discovery to

15  certain matters.  Fed. R. Civ. P. 26(c)(1).

16  **DISCUSSION**

17       "'When a party seeks the deposition of a high-level executive (a so-called 'apex'

18  deposition), the court may exercise its discretion under the federal rules to limit discovery.'"

19  *Somers v. Dig. Realty Tr. Inc.*, 2016 WL 7157505, at \*1 (N.D. Cal. Dec. 8, 2016) (quoting *Affinity*

20  *Labs of Tex. v. Apple, Inc.*, 2011 WL 1753982, at \*15 (N.D. Cal. May 9, 2011)). Discretion is

21  necessary because apex depositions "create[] a tremendous potential for abuse or harassment."

22  *Apple Inc. v. Samsung Elecs. Co., Ltd*, 282 F.R.D. 259, 263 (N.D. Cal. 2012) (internal quotation

23  marks omitted).

24       Courts may limit discovery after considering "(1) whether the deponent has unique first-

25  hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking

26  the deposition has exhausted other less intrusive discovery methods." *Id.* (quoting *In re Google*

27  *Litig.*, 2011 WL 4985279, at \*2 (N.D. Cal. Oct. 19, 2011)). Limitations are appropriate "where the

28  information sought can be obtained through less intrusive discovery methods, such as by

2

1  interrogatory or depositions of lower-level employees with more direct knowledge of the facts at

2  issue." *Somers*, 2016 WL 7157505, at \*1. Courts generally require extraordinary circumstances

3  before prohibiting a deposition in its entirety. *Apple Inc.*, 282 F.R.D. at 263; *Groupion, LLC v.*

4  *Groupon, Inc.*, 2012 WL 359699, at \*2 (N.D. Cal. Feb. 2, 2012). "The apex doctrine does not

5  protect high-ranking officials from all depositions." *Myles v. Cty. of San Diego*, 2016 WL

6  4366543, at \*3 (S.D. Cal. Aug. 15, 2016), *reconsideration denied*, 2016 WL 6070328 (S.D. Cal.

7  Oct. 17, 2016). "When a witness has personal knowledge of facts relevant to the lawsuit, even a

8  corporate president or CEO is subject to deposition." *Powertech Tech., Inc. v. Tessera, Inc.*, 2013

9  WL 3884254, at \*1 (N.D. Cal. July 26, 2013) (internal quotation marks omitted).

10  **A. Application to the Case at Bar**

11  Plaintiff seeks to depose Mr. Li about his personal knowledge as to the 2006 IP

12  Transaction between GoVideo and TCLMM, about his personal knowledge as to agreements

13  related to that IP Transaction which contain his signature, about his "material financial interest" in

14  that IP Transaction and an evaluation he received regarding the IP Transaction, about his

15  involvement in TCLMM, about the causes of GoVideo's financial problems, and about four

16  specific things that Mr. Li claims in his declaration he does not "recall." Joint Ltr. at 3-5. Most of

17  the events that Plaintiff seeks to depose Mr. Li on occurred more than a decade ago. *Id.*

18  Some courts have required the party seeking the deposition to prove that the deponent has

19  unique personal knowledge and that it has exhausted all less intrusive discovery methods. *See In*

20  *re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 10967617, at \*1 (N.D. Cal. Aug. 1, 2011)

21  ("[C]ourts have required that the party seeking to depose an apex executive demonstrate that he

22  possesses some 'unique personal knowledge' about the case."); *Celerity, Inc. v. Ultra Clean*

23  *Holding, Inc.*, 2007 WL 205067, at \*4 (N.D. Cal. Jan. 25, 2007) (declining to order depositions of

24  apex employees where party seeking deposition failed to show deponents possessed unique

25  personal knowledge). Several courts, however, have rejected this approach. *See Finisar Corp. v.*

26  *Nistica, Inc.*, 2015 WL 3988132, at \*2 (N.D. Cal. June 30, 2015) ("Even when the apex doctrine is

27  at issue, however, the burden remains on the party seeking to avoid the deposition." (internal

28  quotation marks omitted)); *In re Transpacific Passenger Air Transp. Antitrust Litig.*, 2014 WL

939287, at *2 (N.D. Cal. Mar. 6, 2014) ("[C]ourts have rejected burden-shifting for . . . 'apex' depositions, holding that the burden under the apex principle is supplied by the general rule applicable to a party that seeks to avoid discovery in general. [ ] In other words, the party opposing discovery . . . bears the burden of showing that the deposition should not be allowed." (internal citation, edits, and quotation marks omitted)); *Powertech Tech., Inc.*, 2013 WL 3884254, at *1 ("[U]nder Rule 26, . . . the person seeking to avoid discovery[] bears the burden of showing that good cause exists to prevent the deposition. The burden under the apex principle is supplied by the general rule applicable to a party that seeks to avoid discovery in general." (internal quotation marks omitted)); *Apple Inc.*, 282 F.R.D. at 263 ("[A] party seeking to prevent a deposition carries a heavy burden to show why discovery should be denied." (internal quotation marks omitted)).

Defendants have not met their burden to show why the deposition should not occur based on the Apex doctrine. However, significant time has passed since the events of which Mr. Li would be deposed took place, and as such, memories have likely faded. So as to lessen the potential burden on Mr. Li, the undersigned hereby orders Plaintiff to submit written deposition questions, confined to the topics Plaintiff outlined in the Joint Letter (Dkt. No. 119), to Defendants by **July 26, 2018**. All written questions must be in accordance with Fed. R. Civ. P. 31. Defendants should provide Mr. Li's responses to Plaintiff no later than **August 27, 2018**.

   **IT IS SO ORDERED.**

Dated: July 19, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge