UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINIADAEWOO ELECTRONICS AMERICA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>OPTA CORPORATION, et al.,<br><br>Defendants. | Case No. 3:13-cv-01247-VC (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 125, 130 |

## I. INTRODUCTION

Pending before the Court is the portion of the parties' July 27, 2018 Joint Discovery Letter Brief (ECF No. 125) relating to the requests for production, as supplemented by the parties' submission of the requests for production and responses at issue (ECF No. 130). Having considered the parties' positions, the Court issues the following order.

## II. BACKGROUND

Fact discovery in this action closed on July 20, 2018. ECF No. 96. Pursuant to Civil Local Rule 37-3, the last day to move to compel concerning fact discovery was July 27, 2018. On July 27, 2018, the parties filed a joint letter brief concerning Defendants Opta Corporation and TCL Multimedia Technology Limited's ("Defendants'") disputes regarding Plaintiff WiniaDaewoo's ("Daewoo's") responses to Defendants' Fourth Set of Interrogatories and Fourth Set of Requests for Production. ECF No. 125. The parties attached Daewoo's responses to the interrogatories as Exhibit A to the letter but did not attach the requests for production ("RFPs") or Daewoo's responses.

On August 17, 2018, the previous Magistrate Judge issued a Discovery Order concerning the July 27, 2018 letter brief. ECF No. 126. The Order resolved the disputes over the

1 interrogatories on the merits. As to the RFPs, the Order stated that "[s]ince the actual requests and responses were not provided to the Court, the Court cannot make an informed ruling on these requests," and the Court ordered the parties to submit them.[1] *Id*. at 12. On August 27, 2018, the parties submitted the RFPs and Daewoo's responses. ECF No. 130, Exs. A & B.

### III. DISCUSSION

Defendants' argument concerning the inadequacy of Daewoo's responses to the RFPs is brief:

> These requests seek documents related to Defendants' laches and unclean hands defenses. During the in-person meet and confer, Plaintiff's counsel stated that Plaintiff has produced all documents in its possession related to GoVideo. Plaintiff's response, however, does not state that Plaintiff has produced all documents in its possession and that it is not withholding any documents.

ECF No. 125 at 3-4.

Daewoo replies that "Defendant does not address the specific objections that Plaintiff made to these requests for production, some of which are discussed above with respect to Plaintiff's interrogatory responses." *Id.* at 6. Daewoo asserts that RFPs 28, 30-37 seek irrelevant information, and for RFP 29, Daewoo states that it is not withholding any responsive documents. *Id.*

The Court finds Daewoo's responses to RFPs 28, 30-37 are deficient. They are all essentially the same:[2]

> Daewoo specifically objects to this request to the extent it seeks information beyond Daewoo's possession, custody, or control. Daewoo also objects to this request to the extent it is unrelated to any pending claim in this action and is not proportional to the needs of the case. Daewoo also objects to this request to the extent that it seeks information protected by the attorney-client privilege, work product immunity, and/or other applicable privilege. Daewoo further objects to this request to the extent that it seeks documents that have already been produced by Daewoo.

These responses make it impossible for the reader to tell what, if anything, Daewoo agreed

---

[1] The August 17 Order inadvertently referred to the RFPs as "interrogatories."

[2] Daewoo's response to RFP 34 also objects that the term "related companies" is vague.

2

to produce. The first objection (lack of possession, custody or control) and the third objection (privilege) do not suggest the withholding of documents that should have been produced. The problem is the combination of the second objection (relevance and proportionality) and the fourth (maybe it was already produced). In these responses, Daewoo neither agreed to produce all non-privileged responsive documents in its possession, custody or control, nor definitively stated that it did not so agree.

Federal Rule of Civil Procedure 34(b)(2)(C) states that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." Daewoo's responses to RFPs 28, 30-37 do not comply with that rule because they do not state whether Daewoo withheld any documents based on its relevance and proportionality objection. Defendants claim Daewoo's counsel orally represented to them during an in-person meet and confer that Daewoo produced all documents in its possession related to GoVideo. ECF No. 125 at 3-4. However, Rule 34 requires, and Defendants are entitled to, a written statement concerning what Daewoo agreed to produce. Also, on the current record, it is unclear to the Court whether "all documents related to GoVideo" is the same thing as "all non-privileged documents responsive to RFPs 28, 30-37." Accordingly, the Court orders Daewoo to amend its responses to RFPs 28, 30-37 within five days to clearly state whether it produced all non-privileged responsive documents in its possession, custody or control, and if not, to identify what documents or categories of documents it did not produce.[3]

The Court does not address the merits of Daewoo's relevance and proportionality objection. Defendants are the moving parties, and the only relief they requested is that Daewoo state in writing what they claim its counsel said orally (i.e., that it produced all responsive documents). Also, Defendants did not present any arguments concerning the merits of Daewoo's relevance and proportionality objection in the joint letter brief.

///

---

[3] Daewoo's response to RFP 29 is technically defective as well. However, Daewoo has rectified that by stating in the letter brief filed with the Court that it did not withhold any documents responsive to that request.

3

## IV. CONCLUSION

The Court **ORDERS** Daewoo to amend its responses to RFPs 28, 30-37 as described above within five days of the entry of this order.

**IT IS SO ORDERED.**

Dated: September 10, 2018

_____
THOMAS S. HIXSON
United States Magistrate Judge